IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MICHAEL JASON JOHNS            *

   Plaintiff,                  *

     v.                        *           2:11-CV-615-WHA
                                                              (WO)

COOSA COUNTY JAIL              *

   Defendant.                  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Michael Johns, an inmate incarcerated at the Coosa County Jail located in Rockford, Alabama, filed this 42 U.S.C. § 1983 action on August 1, 2011. Plaintiff brings this complaint for damages alleging a denial of access to the courts. The only named defendant is the Coosa County Jail. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Plaintiff has been granted leave to proceed *in forma pauperis*. (*See* Doc. No. 3.) A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

## I. DISCUSSION

Plaintiff alleges a denial of access to the courts. According to the complaint, Plaintiff has been denied access to law books and/or access to a law library for purposes of assisting in his own defense. (*Doc. No. 1*.)

*A. The Coosa County Jail*

Plaintiff names the Coosa County Jail as the defendant. The Coosa County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed. *Id.*

*B. Access to Courts*,

Even if Plaintiff had named a proper defendant to the instant action, the allegations contained in his complaint entitle him to no relief. The law is well-settled that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith*, 430 U.S. 817 (1977), *Younger v. Gilmore*, 404 U.S. 15 (1971). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court concluded, however, that actual injury is required to state a claim for denial of access to the courts. *Id.* at 351-52. Such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Id.* at 353. The *Lewis* Court *disclaimed* any expansions of the right of access to

the court which suggested "that the State must enable the prisoner to *discover grievances*, and to *litigate effectively* once in court. . ."  To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires."  *Id*. at 354. (emphasis in original).

The Court likewise rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing.  *Lewis*, 518 U.S. at 349.  Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims.  *Id*. at 356.  "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.  When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury.  *Id.*   Finally, the Court determined that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement. . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone."  *Id*. at 356-357.  "[T]he Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of

3

legal assistance." *Id*. at 360.  The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts.  *Id*. at 356.  A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

Plaintiff argues that he has been denied access to the courts due to the inadequacy and/or unavailability of legal resources at the Coosa County Jail.  Plaintiff's complaint, however, fails to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or nonfrivolous civil rights claims, and thus, he has not demonstrated actual prejudice as required to set forth a valid claim for the denial of access to the courts. Specifically, Plaintiff presents nothing to this court which demonstrates that the actions about which he complains relates to any conduct of jail officials or his inability to adequately access a law library or legal materials such that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivation as such is contemplated in *Lewis*.

Furthermore, Plaintiff's desire to access the jail law library and/or legal resources for the stated purpose of assisting defense counsel in the preparation Plaintiff's pending criminal action is insufficient to show an access to courts violation. The planning and

preparation of matters associated with Plaintiff's criminal defense proceedings are the responsibility of Plaintiff's attorney regardless of any additional legal work in which Plaintiff wishes to engage. While Plaintiff may desire to take a more active role in his pending criminal proceedings, such is insufficient to demonstrate a lack of access to the courts.

Because Plaintiff's allegation that he has been denied access to the courts has no basis in law or fact, his complaint in this regard is due to be dismissed as frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Coosa County Jail be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's § 1983 access to courts claim be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i); and

3. Plaintiff's complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **September 1, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 18th day of August, 2011.

                                           /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE